COUNTRY MUTUAL INSURANCE COMPANY, Plaintiff-Appellant, *v.* GARY W. BOWE and CHARLES WILKERSON, Individually and as Admr. of the Estate of ALAN D. WILKERSON, Deceased, Defendants-Appellees.

(No. 72-330;

Third District—August 2, 1973.

James E. Bowles, of Peoria, for appellant.

Charles R. Thomas, of Pekin, and Jack C. Vieley, of Peoria for appellees.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This declaratory judgment action was commenced in the Circuit Court of Tazewell County by Plaintiff-Appellant, Country Mutual Insurance Company, against Defendants-Appellees, Gary Bowe and Charles Wilkerson, Individually and as Administrator of the Estate of Alan Wilkerson, Deceased. Plaintiff sought a declaration that defendant, Gary Bowe, was not insured under an automobile liability insurance policy issued by plaintiff to Violet Lape. The trial court, sitting without a jury, entered judgment for defendants denying the declaratory relief sought by plaintiff. This is an appeal from that judgment.

In 1969, Mrs. Violet Lape, who lived in Mackinaw, Illinois, purchased a 1964 Ford titled in Mrs. Lape's name and insured under a policy issued by plaintiff, Country Mutual Insurance Company, wherein Mrs. Lape was the named insured. The car was to be used by her son, Stanley Lape while he attended Lakeland College in Mattoon, Illinois. Mrs. Lape had her own automobile and did not drive the 1964 Ford unless her car was being repaired. Stanley had the only two sets of keys in his possession. Mrs. Lape had on many occasions told her son not to loan the car to anyone. In the fall of 1969, while attending college, Stanley became acquainted with Gary Bowe and would often allow Bowe the use of the car but only with prior permission. Beginning in the fall of 1970, Stanley shared living quarters with Bowe and two others and he continued to loan the car to Bowe. Stanley testified Bowe used the car on one occasion without his permission but after the car was returned Stanley told him in the future to ask him before using it. Bowe testified he always asked permission except on three or four occasions both in the fall of 1970 and in the spring of 1971 when he needed transportation to an early morning class and Stanley was still sleeping. He then stated at all other times he asked permission.

On Friday, April 9, 1971, Stanley went home for the weekend leaving the car at school. The following day, Gary Bowe, without asking permission or notifying either Stanley or Mrs. Lape, drove the car to his home in Washington, Illinois, about 130 miles from Mattoon. He had taken the extra set of keys kept in Stanley's shaving kit, which he had never used before. While driving the car in Washington for his own

pleasure during the evening of Saturday, April 10, 1971, he was involved in a collision with a motorcycle driven by Alan Wilkerson.

It is plaintiff's contention that Bowe had neither express nor implied permission from Mrs. Lape nor from Stanley Lape to drive the car to Washington, Illinois, on April 10, 1971, and therefore, there was no coverage afforded by the terms of the insurance policy. The omnibus clause of the policy defines "persons insured" as follows:

"(1) with respect to a Vehicle,

(a) The Named Insured and any resident of his household;

(b) any other person while using such vehicle with the permission of the Named Insured or an adult member of his family, provided his actual operation or (if he is not operating) his actual use thereof is within the scope of such permission; * * * ."

■■ In order to establish that a user of an automobile is an additional insured under the omnibus clause of an automobile liability insurance policy, it must be shown that the car was driven with express or implied permission of one authorized to give such permission. (See, *Orrill v. Garrett*, 100 Ill.App.2d 194, 241 N.E.2d 1.) Although it is agreed by both parties that no express permission was obtained from Mrs. Lape or her son, defendants maintain permission is implied from the conduct of Stanley Lape and Bowe, and Stanley had authority to grant others permission to drive the car under the "subsequent permittee" rule set forth in *Hays v. Country Mutual Insurance Co.*, 28 Ill.2d 601, 192 N.E.2d 855, since he had general custody and control of the automobile at all times. The rules regarding a "subsequent permittee" are not applicable if the driver in question was in no way granted permission from the "original permittee". Therefore, the initial question in this case is whether Bowe had implied permission from Stanley to use the automobile.

■■ Implied permission may be inferred from a course of conduct or relationship between the parties in which there is a mutual acquiescence or lack of objection under circumstances signifying permission. (*Orrill v. Garrett*, 100 Ill.App.2d 194, 241 N.E.2d 1.) The finding of the trial court is that permission is inferred from "a course of conduct of both mutual acquiescence and lack of objection". According to Bowe, although generally he requested permission, there were occasions when he used the car without asking and he told Stanley upon returning the car but Stanley had not said anything. Never was Bowe told not to use the car anymore. This testimony is in conflict with that of Stanley where he states he was only aware of one occasion when Bowe took the car without permission and he again reminded him to always obtain per-

mission. Also, Bowe previously drove the car out of town on social oc-casions to Charleston, about 15 miles from Mattoon. Stanley admitted there were no restrictions as to where Bowe could drive as long as he had permission. The boys lived together in the same house and Stanley never concealed the keys. Often they were left on the table and the extra keys were kept in Stanley's shaving kit.

■■ There is evidence from which it can be inferred that Bowe did not believe his taking the car on April 10 was wrongful. When Bowe had arrived in Washington, he tried a couple of times to call Stanley Lape to tell him that he had the car. We believe from the facts presented, there was sufficient evidence for the finding of implied permission by the trial judge. A finding on the question of permission will not be dis-turbed unless clearly erroneous. *Fireman's Fund Indemnity v. Freeport Insurance Co.*, 30 Ill.App.2d 69, 173 N.E.2d 543.

■■ Having determined Bowe's use of the car was with the permission of Stanley, we must next determine whether Stanley as an initial per-mittee had authority to grant permission to others for the purpose of coverage under the insurance policy. Since Stanley was not an adult member of the family, only his mother, Mrs. Lape, the named insured, could grant permission under the terms of the policy. In cases where there is no express permission granted by the named insured to the second permittee, as in this case, an authorization can be implied whereby the named insured is deemed to have delegated his power to grant permission to the first permittee. In *Hays v. Country Mutual Insurance Co.*, 28 Ill.2d 601, 192 N.E.2d 855, the court by way of dictum, described four situations in which implied authorization is delegated from the insured to the original permittee. In one of these, the court in *Hays* applied an apparent ownership theory where it states; "Thus where the permittee is in every practical sense the owner of the car, and the named insured holds title for convenience, the general custody and control of the permittee is usually held to empower him to grant permission to others within the scope of an omnibus clause, at least in the absence of express prohibition."

■■ In reviewing the facts of the case before us, it is apparent Stanley was a permittee given general custody and control which would author-ize him to grant permission to others. However, according to the testi-mony of both Mrs. Lape and Stanley Lape, she had told him on nu-merous occasions not to allow others to drive the car. The effect of a prohibition so far as it may be said to limit the authority of the first permittee to grant permission to third persons, must be weighed in refer-ence to the particular facts of each case. There is a difference between an express specific prohibition limited in time and one which is general

and broad. Even though the prohibition in this case was express, it was a general and broad direction and there is no indication that it was effective at the time Bowe borrowed the car for this occasion. The fact that Stanley had such control that he was the apparent owner thereof is the controlling circumstance, especially since he was not living at home with his mother. In *Gillen v. Globe Indemnity Co.*, 377 F.2d 328, the Eighth Circuit Court of Appeals, in denying coverage, limited its holding to the particular facts involved. That court stated that even though the car was purchased by the father for the use of his daughter and he instructed her not to allow others to use it, she lived at home and her possession was under the daily control and surveillance of her father. The court indicated that its decision might not have been the same "if the first permittee has an equivalent of equitable title and has unfettered control over the daily use of the car outside of the surveillance of the named insured * * *".

■■ We take note of the fact that a general prohibition against allowing others to drive should be treated in a manner similar to other restrictions put on a permittee. For example, if a permittee is given use of a car for a business purpose but instead uses it for social purposes, it is generally held that the permission is nevertheless effective for purposes of insurance coverage. (See, *Konrad v. Hartford Accident & Indemnity Co.*, 11 Ill.App.2d 503, 137 N.E.2d 855.) Also, if in spite of a prohibition, he allows a third person to drive while he is inside the car, an implied permission is effective. (See, *Visintin v. Country Mutual Insurance Co.*, 78 Ill.App.2d 75, 222 N.E.2d 550.) Under all of these circumstances, a restriction as to permission is violated due to the permittee's misconduct. There is no reason to treat the present restriction in a manner different from other restrictions.

■■ We believe the trial court was not in error in deciding coverage under the insurance policy issued by plaintiff should be extended to Bowe. Accordingly, the judgment of the Circuit Court of Tazewell County is affirmed.

Judgment affirmed.

DIXON and SCOTT, JJ., concur.