NATIONAL GENERAL INSURANCE COMPANY, Plaintiff-Appellant, v. ROSE OZELLA et al., Defendants-Appellees.

(No. 73-138; ▮▮▮▮▮▮▮▮)

Third District—February 20, 1974.

McConnell, Kennedy, McConnell & Morris (Joe Leimkuehler, of counsel), for appellant.

Moehle, Moehle, Reardon, Sincock & Associates and Kuhfuss & Kuhfuss, both of Pekin, and E. Richard Johnson and Heyle, Royster, Voelker & Allen, both of Peoria (James E. Bowles, of counsel), for appellees.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

The National General Insurance Company, referred to herein as the plaintiff, brought a declaratory judgment action against the defendants, Rose Ozella, Glenn A. Armstrong, Paul Towne Memorial Amvets Post No. 169, Josephine Gauwitz and Grace Carlier, in which they asked the circuit court of Tazewell County to find that defendant Glenn A. Armstrong was not an insured under the terms of a policy written by the plaintiff wherein Joseph Armstrong was the named insured and which involved the use of and operation of a 1965 Mercury Comet automobile. After trial without jury the circuit court found that the defendant Armstrong was an insured under the terms of the policy and that the plaintiff had a duty to defend him and pay any judgment rendered against him within the limits of the policy and that also the defendants were to have a judgment for the costs, including the sum of $125.00 for payment of the services of a court appointed attorney. It is from this decree and order that the plaintiff appeals.

Prior to the oral argument of this appeal the plaintiff moved that its complaint for declaratory judgment against the defendants Ozella and Carlier be dismissed. This motion was granted. For purposes of determining this appeal we will consider the issues and contentions set forth in the briefs of the plaintiff insurance company and the defendant Gauwitz and in so doing a disposition of this case will be made as to all parties of record.

The factual situation which resulted in this appeal arose on April 21, 1971, when Josephine Gauwitz, hereinafter referred to as the defendant, as a driver of a motor vehicle had a collision in the city of Pekin with a motor vehicle driven by Glenn A. Armstrong. The vehicle driven by Armstrong was owned by his father, Joseph Armstrong, and insured by the plaintiff. Joseph Armstrong had been hospitalized for approximately one week prior to the accident and had given the keys to his automobile to his son Glenn so he could move it if necessary while he was hospitalized. Glenn A. Armstrong also had access to an additional set of keys for his father's automobile and the record discloses that two witnesses, being neighbors of the Armstrong family, testified they had within a year prior to the accident seen Glenn drive his father's automobile on

a number of occasions. On some of these occasions he was accompanied by his father while at other times Glenn was alone while driving the vehicle. Glenn A. Armstrong, while married, was separated from his wife and had lived with his parents some four or five months prior to the accident. It is clear from the record that Glenn had a "drinking" problem, had previously been involved in auto accidents and did not possess a driver's license. By occupation Glenn was a mechanic and would periodically repair his father's automobile, after which he would take it for a "test run." We can only conclude from the record that at the time of the accident in question Glenn was under the influence of alcohol and being afraid of being incarcerated by the police he eluded them and voluntarily entered the alcoholism ward at the Peoria State Hospital. While in the hospital a private investigator employed by the plaintiff called on Glenn A. Armstrong and obtained a signed statement from him which in effect stated that he (Glenn A. Armstrong) did not have permission to drive his father's car and had he asked he would have been refused. During the course of the trial this statement was admitted into evidence and Constantino, the investigator, testified that Glenn A. Armstrong also orally made such a statement to him. When called as a witness during the trial Glenn A. Armstrong testified that when the statement was taken he was under medication, the medicine being tranquilizers, and that he had no recollection at the time of the trial as to the details of the taking of the statement or whether or not he in fact read it before he signed it.

The primary issue presented by this appeal is whether or not Glenn A. Armstrong was an insured under the terms of the plaintiff's policy of insurance issued to the father, Joseph Armstrong.

In determining this issue we first direct our attention to that portion of the insurance policy which provides:

"Persons Insured. Under the Liability and Medical Expense Coverages, the following are insured:

    (a) With respect to an owned automobile,

        (1) the named insured,

        (2) any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such provision.

Definitions.

'Insured Automobile' means:

    (a) an owned automobile while being used by or with the permission of the named insured."

■■ If either the oral or written statement made by Glenn A. Armstrong while in the State hospital to the investigator Constantino is competent evidence, then we could only conclude that Glenn A. Armstrong was not an insured person within the provisions of the policy. However, we do not believe that either the oral or written statement is competent evidence. We do not reach this conclusion because of evidence that tends to show Glenn A. Armstrong was medicated and unaware of what he was saying or signing but instead predicate our conclusion upon the rule of law that statements which are in fact legal conclusions cannot be used as admissions to support or sustain the plaintiff's burden of proof. (*Harris v. Minardi*, 74 Ill.App.2d 262, 220 N.E.2d 39.) One of the pivotal questions confronting the trial court was whether or not Glenn A. Armstrong had permission to use the automobile. That one states that he did not have permission to do a certain thing does not necessarily resolve the question when his actions or the actions of others indicate otherwise. There is nothing in the record that indicates that the plaintiff's investigator defined the word "permission" to Glenn A. Armstrong in the context it was used by the plaintiff in the insurance policy. In the absence of such definition or explanation we deem Glenn A. Armstrong's statement a conclusion of law upon the question which was the gist of the action before the trial court. Whether "permission" had or had not been granted was a question to be determined by factual evidence and not by a conclusion from one unfamiliar with its meaning as used by the plaintiff.

■■ During the course of the trial evidence was adduced that Glenn A. Armstrong had received keys to the automobile from his hospitalized father along with permission to move the vehicle when necessary. Prior to April 21, 1971, the date of the accident, the automobile had been driven on a number of occasions by Glenn A. Armstrong and on some occasions he was accompanied by his father. Based upon this evidence the trial court found that Glenn A. Armstrong on the date of the accident was driving a motor vehicle with the implied consent of its insured owner, namely his father. With this finding we agree, for Illinois has consistently followed what is known as the "liberal rule" in that once permission is granted for the use of a vehicle, even though restrictions on its use are at that time imposed, coverage exists, even though the use may be for a purpose not contemplated by the insured when the permission was given. (See *Visintin v. Country Mutual Insurance Co.*, 78 Ill.App.2d 75, 222 N.E.2d 550; *Fireman's Fund Indemnity Co. v. Freeport Insurance Co.*, 30 Ill.App.2d 69, 173 N.E.2d 543.) In both of these cases a restricted permission to use a motor vehicle was violated, yet under the

application of the "liberal rule" the driver was held to be covered by a policy of insurance which contained a restrictive provision similar to the one in the case now before us. The plaintiff argues that the policy provision in the instant case is more restrictive in that it contains the words "provided his actual operation * * * thereof is within the scope of such permission." From the evidence adduced in this case we cannot conclude that the operation of the motor vehicle by Glenn A. Armstrong was not within the scope of the permission granted. If the owner had said only he was to move the vehicle when necessary it may well be that a different conclusion would be necessary, but having previously permitted his son's operation of the vehicle on a number of occasions for various purposes, we cannot now hold that implied consent was not present.

■■ The last issue raised is that the trial court had no authority to tax the attorney fees of Glenn A. Armstrong against the plaintiff. The trial court found that in the interest of justice Glenn A. Armstrong, a defendant before the trial court, should be represented by counsel. Since this defendant was indigent the trial court appointed an attorney for this purpose and awarded fees to this attorney in the sum of $125.00 which was to be assessed as costs. The trial court was correct in its determination that the interest of justice required that Glenn A. Armstrong be represented by counsel. It is also clear that the expense of such representation could rightfully be charged to the plaintiff. See *Fireman's Fund Indemnity Co. v. Freeport Insurance Co.*, 30 Ill.App.2d 69, 173 N.E.2d 543.

For the reasons set forth the judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

DIXON and STOUDER, JJ., concur.