Mark Thomas *et al.*, Plaintiffs-Appellants, *v.* Aetna Casualty & Surety Company *et al.*, Defendants-Appellees.—State Farm Mutual Automobile Insurance Company, Plaintiff-Cross-Appellant and Cross-Appellee, *v.* Kevin B. O'Brien *et al.*, Defendants (Kevin B. O'Brien *et al.*, Cross-Appellants.)—Kevin B. O'Brien *et al.*, Third-Party Plaintiffs-Appellees, *v.* Commercial Union Insurance Company of New York, Third-Party Defendant-Appellant.

(No. 12232; ▆▆▆▆▆▆▆▆▆

Fourth District—May 8, 1975.

Heyl, Royster, Voelker & Allen, of Springfield (Gary M. Peplow, of counsel), for appellants Mark Thomas and Phoenix Assurance Company of New York.

Ben K. Miller, of Springfield, for appellant Commercial Union Insurance Company of New York.

Alfred F. Newkirk, of Giffin, Winning, Lindner, Newkirk and Cohen, of Springfield, for appellee Aetna Casualty & Surety Company.

Edward F. Casey, of Casey & Casey, of Springfield, for appellees Kevin B. O'Brien, Teresa M. O'Brien, and Timothy O'Brien.

R. G. Heckenkamp, of Heckenkamp & Fuiten, of Springfield, for appellee State Farm Mutual Automobile Insurance Company.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Campbell, Thomas and O'Brien are defendants in a personal injury action brought by Cynthia Blanford. This complaint alleges that the several individuals were attending a school party held at a private home. In brief, as Campbell was leaving in his car to go to work, Thomas and O'Brien mounted the front fender or hood of the car, one on either side facing forward, and while the car traveled some 40 feet along a drive, plaintiff ran from behind some bushes and was struck. It is alleged that Thomas and O'Brien are liable in that the conduct of each distracted the attention of Campbell, the driver, and obscured the latter's vision.

The several actions for declaratory judgment amongst the parties here were consolidated in the trial court: Thomas and Phoenix allege that Thomas "was a passenger on said vehicle" (of Campbell), that Aetna's coverage of Campbell created a primary coverage so that Aetna must defend Thomas and that the coverage by Phoenix is secondary to and in excess over Aetna's liability. Aetna's answer denies liability to defend Thomas and alleges that Thomas mounted the hood of the Campbell car and remained there without permission and that such conduct was not a "use" of the car. State Farm Mutual, alleging a notice of reservation of rights, sought declaratory judgment as to its obligation to defend O'Brien, and a further declaration that if obligated to defend and indemnify O'Brien such obligation was secondary to and excess coverage to that of

Aetna. O'Brien answered such complaint and by third-party complaint joined Commercial Union seeking the declaratory judgment that the latter be required to defend O'Brien under its home owner's policy. Commercial Union answered denying its obligation to defend O'Brien and alleged want of timely notice of the Blanford claim by O'Brien.

The memorandum of the trial court serving as the basis for the judgment concluded that there were essentially two issues, *i.e.*, (1) whether the conduct of Thomas and O'Brien constituted a "use" of the Campbell car,[1] and (2) that "if the court determines that a 'use' was involved, the issue of permission must be resolved to determine whether Aetna coverage is primary or secondary."

Upon the issue of "use" the court concluded that neither Thomas nor O'Brien had any direction or control of the car and that their activity "was not related to the use of the vehicle as contemplated by the policies." In the alternative the court concluded that from the circumstances of the driving by Campbell and his failure to object to the presence of Thomas and O'Brien "permission to remain on the car was readily inferable from the facts."

Upon the issue of timely notice raised by Commercial Union, the court found that the failure of O'Brien to give notice was excusable in that he would not reasonably anticipate that his liability would be asserted by Blanford.

Phoenix appeals from the judgment declaring its liability to defend Thomas; Commercial Union appeals from the judgment declaring it liable to defend O'Brien, and State Farm cross-appeals from the judgment declaring that Aetna has no duty to defend Thomas or O'Brien.

O'Brien cross-appeals individually praying that the judgment that State Farm had no duty to defend be reversed in the event that the judgment against Commercial Union was reversed.

There has been no cross-appeal upon the finding of permission by Campbell.

The briefs supply no cases serving as persuasive authority upon the issue of whether or not the conduct of Thomas and O'Brien constituted such a "use" of the Campbell car that they would become additional insured within the terms of the Aetna policy.

■■ We note initially that the judicial policy favoring a liberal inter-

---

[1] "The following are Insureds under Part 1:
   (a) with respect to the owned automobile,
      (2) any other person using such automobile with the permission of the named Insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, and
      *  *  *"

pretation of insurance coverage is a policy aimed to assure the compensation of victims of injuries which result from traffic or automobile accidents. (*Hayes v. Country Mutual Insurance Co.*, 28 Ill.2d 601, 192 N.E.2d 855. See also *Wolf v. American Casualty Co.*, 2 Ill.App.2d 124, 118 N.E.2d 777, and the cases cited therein.) Each party defendant in the Blanford complaint for personal injuries is insured under a contract which indemnifies him and assures that plaintiff, Blanford, has a source of compensation. The present issues arise between the several insurers that are each subject to contractual liability but seek to transfer such liability to another. Under such circumstances, a judicial policy which finds ambiguity in the terms of the contract or directs a liberal construction of such terms is not a dominant principle.

In a further aspect, it is apparent that the determination that Aetna was obligated to defend Thomas and O'Brien as additional insured would require such an attempted representation of conflicting interests in the several defendants that the denial of declaratory judgment would be a exercise of judicial discretion in the interests of the administration of justice. *Farmers Oil & Supply Co. v. Illinois Central R.R. Co.*, 6 Ill.App. 3d 965, 286 N.E.2d 68; *La Salle Casualty Co. v. Lobono*, 93 Ill.App.2d 114, 236 N.E.2d 405.

The several briefs cite *Orrill v. Garrett*, 100 Ill.App.2d 194, 241 N.E.2d 1; *Visintin v. Country Mutual Insurance Co.*, 78 Ill.App.2d 75, 222 N.E.2d 550; *General Accident Fire & Life Assurance Corp. v. Brown*, 35 Ill.App. 2d 43, 181 N.E.2d 191; *Country Mutual Insurance Co. v. Bowe*, 13 Ill. App.3d 386, 300 N.E.2d 274; *Fireman's Fund Indemnity Co. v. Freeport Insurance Co.*, 30 Ill.App.2d 69, 173 N.E.2d 543, and *Lumbermen's Mutual Casualty Co. v. Norris*, 15 Ill.App.3d 95, 303 N.E.2d 505, as authority that the conduct of Thomas and O'Brien was a "use" of the Campbell car so that Aetna was obligated to defend them.

*Norris* is only comparable in that the injured party had been sitting on the fender of a parked car of another before she fled to escape injury by an opposing car. The issue was the construction of the uninsured motorists provisions concerning persons "alighting from" and "upon" a motor vehicle. There was no issue of "use" in the context present here.

In *Orrill v. Garrett*, the actual use at issue was the driving of an insured vehicle. The opinion contains dicta responding to argument of plaintiff that authority to obtain keys from a car was a "use." That opinion does not decide that leaning on a car was a "use" which made one an additional insured for purposes of liability.

In *Visintin*, the "use" was the operation of the car as was the case in *Bowe*, in *National General Insurance Co. v. Ozella*, 17 Ill.App.3d 703, 307 N.E.2d 745, and in *Fireman's Fund Indemnity Co. v. Freeport Insur-*

*ance Co.,* 30 Ill.App.2d 69, 173 N.E.2d 543. In the cited *Brown,* the issue was the construction of a clause "relating to the loading of a truck."

Certain cases cited from other jurisdictions do not really concern the issue. In *Allstate Insurance Co. v. Valdez* (E.D. Mich. 1961), 190 F.Supp. 893, the court construed a provision concerning loading and unloading the vehicle as provided coverage. In *Baudin v. Traders & General Insurance Co.* (La. App. 1967), 201 So.2d 379, the "use" was by one having custody and control of the vehicle and who had been driving it. In *Bolton v. North River Insurance Co.* (La. App. 1958), 102 So.2d 544, the "use" was by a passenger accompanying the insured who was driving the vehicle.

Upon the facts here found the judgment upon the "use" should be affirmed.

From the several cases we discover indicia or factors which determine a "use" which brings about coverage as an additional insured. Control of operation is a "use." In *Visintin,* the court cited *Hays v. Country Mutual Insurance Co.,* 28 Ill.2d 601, 192 N.E.2d 855, and noted cases where riding in a car constitutes a "use" and cases where operation was for the benefit or advantage of the insured. In *Bowe,* the court finding was in the terms of the operation of the car and noted that such operation was not unlawful.

Here, it is admitted that Thomas and O'Brien designedly attempted to delay the departure of Campbell by interfering with the lawful driving of the Campbell car. Neither had any factor of custody or control of the car and neither were engaged in any conduct to aid the purposes of the one controlling or operating the vehicle. There is no basis for concluding that the conduct was for a lawful purpose.

■■ Upon the facts here found, the judgment upon the issue of "use" should be affirmed.

Commercial Union appeals from the order that it was under a duty to defend O'Brien. Such order adopts and makes a part thereof the finding that neither O'Brien nor his parents would reasonably anticipate a claim by reason of the Blanford injury, so that upon the authority of *H. H. Hall Construction Co. v. Employers Mutual Liability Insurance Co.,* 43 Ill.App.2d 62, 193 N.E.2d 51, O'Brien was excused from failure to give timely notice.

The injury occurred May, 1969. O'Brien was served with summons in May of 1971. It appears that shortly thereafter a copy of the Blanford complaint was transmitted to Commercial Union by the personal attorney of the O'Briens.

The cases cited in the briefs are *H. H. Hall Construction Co. v. Employers Mutual Liability Insurance Co.,* 43 Ill.App.2d 62, 193 N.E.2d 51;

*International Harvester Co. v. Continental Casualty Co.*, 33 Ill.App.2d 467, 179 N.E.2d 833. We find *H. H. Hall Construction Co.* distinguished in *Charter Oak Fire Insurance Co. v. Snyder*, 22 Ill.App.3d 350, 317 N.E. 2d 307.

In *Hall*, the insured leased a crane but had no part in its operations or the acts causing the injury. Some 3½ years later the lessee sued the lessor. Lessee's insurance company denied its obligation to defend asserting lack of timely notice. The opinion affirmed the determination of the trial court that upon the facts and circumstances, the giving of earlier notice was excused for the reason that no reasonably prudent insured would have cause to believe that it was liable for such injury.

In *Charter Oak*, under circumstances whereby he was dealing through another, the insured was unaware of his insurance coverage for the period of 11 months. However, after becoming aware of the policy coverage the insured delayed the giving of notice for the further period of 4 months. The finding of the trial court that there was a want of timely notice was affirmed upon the basis that the additional delay of 4 months constituted a failure to comply with the policy requirement of notice so that the insuror was not obligated to defend. In that case, however, the insured was driving the automobile and it was apparent that a claim might be made against him.

In *International Harvester*, the injury occurred upon the corporate premises and its management was immediately advised of the injury. The opinion noted that the corporation claiming coverage many months later was staffed with a sophisticated management, that a lack of knowledge of coverage must be without negligence and that no facts before the court excused the corporation for the failure to give timely notice.

■■ The issue of timely notice is to be determined by the trier of fact from all of the circumstances presented, and such determination is not to be reversed unless clearly erroneous. *Hall Construction Co., Charter Oak.*

From this record it is not apparent that the judgment of the trial court is clearly erroneous.

Affirmed.

SMITH, P. J., and CRAVEN, J., concur.