UNITED STATES FIDELITY AND GUARANTY COMPANY, Plaintiff-Appellant, v. JOHN McMANUS et al., Defendants-Appellees.

(No. 60453;

First District (4th Division)—September 24, 1975.

Kralovec, Sweeney, Marquard & Doyle, of Chicago (Henry J. Marquard and Edward V. Scoby, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (John L. Kirkland, D. Kendall Griffith, and Stanley J. Davidson, of counsel), for appellees.

Mr. JUSTICE ADESKO delivered the opinion of the court:

This appeal generally concerns the question of coverage under the omnibus clause of an automobile liability insurance policy. The policy was issued by plaintiff, United States Fidelity and Guaranty Company (USF&G) to Joyce Martin and covered her automobile which was involved in a collision on January 18, 1971. The policy covered use of a 1964 Plymouth Valiant by the named insured, Joyce Martin, and "any other person using such automobile with the permission of the Named Insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission * * *."

The facts are not in material dispute. In January, 1971, Joyce Martin went to Florida for two weeks with her parents, leaving the Valiant at the home of a friend, Sheila McManus. Joyce asked Sheila to start the automobile "everyday if possible." Joyce did not instruct Sheila or any member of the McManus household not to use Joyce's vehicle while she was away. Additionally, John McManus, Sheila's brother, believed that Sheila could use the car any time she wanted to do so. Joyce gave Sheila a set of keys to the Valiant as well as a separate set of keys to the Martin house, which Sheila was going to check periodically. The keys to the Martin house were kept by Sheila McManus in her purse; the keys to the Valiant were kept in a bowl in the dining room of the McManus home.

On January 17, 1971, John and Sheila McManus were at home. Neither

of their parents was home and their parents' vehicles were not present. John asked Sheila if he could use Joyce Martin's car to obtain milk needed for dinner. After first hesitating, Sheila gave John permission to use the vehicle provided he was careful and came right back. John thereupon took the keys to the Valiant from the bowl, obtained the milk and returned the vehicle. On January 18, 1971, while Sheila and her parents were at work, John took the keys to the Valiant from the bowl and went to keep a doctor's appointment. En route, he struck Helen Kalmus, a pedestrian.

Helen Kalmus filed suit (which is still pending) against John McManus in the Circuit Court of Cook County. Allstate Insurance Company (Allstate), which had issued a Family Automobile Policy to John's father, undertook the defense of that suit, there being no question but that the Allstate policy covered John McManus. However, Allstate made claim that USF&G's policy also applied and was the primary insurance. In order to resolve the dispute, USF&G filed an action for declaratory judgment against John McManus, Helen Kalmus and Allstate. USF&G sought a determination that its policy of automobile insurance issued to Joyce Martin did not cover the operation of her automobile by John McManus at the time he was involved in the accident with Helen Kalmus. Thereafter, USF&G and Allstate filed cross motions for summary judgment. The trial court granted Allstate's motion, finding that the USF&G policy covered the incident in question and therefore was the primary insurance. Accordingly, the Allstate Policy was excess coverage.

The trial court apparently relied on the case of *Maryland Casualty Co. v. Iowa National Mutual Insurance Co.* (1973), 54 Ill.2d 333, 297 N.E. 2d 163, in resolving the cross motions for summary judgment in favor of Allstate.

USF&G asserts on appeal that the trial court's reliance on *Maryland* was misplaced in that *Maryland* does not dispense with the requirement that there must be permission running between a first permissive user of an insured automobile (Sheila McManus) and his permittee (John McManus). Allstate contends, on the other hand, that once the owner of the vehicle (Joyce Martin) has given permission to a first permittee (Sheila McManus) to use the vehicle, any other person who subsequently drives the vehicle is covered by the policy issued to the owner of the vehicle because "coverage is fixed barring theft or the like."

In *Maryland*, a dispute arose between the insurance company which had issued a policy to the owner of the vehicle being driven at the time of the accident and the insurance company which had issued a policy to the driver of the vehicle. The pertinent facts were that a husband and wife owned a vehicle and had given permission to their son to use

the vehicle whenever he desired. During the years that the son used the vehicle, his parents had instructed him never to permit anyone other than a member of the family to drive the automobile. Despite this prohibition, one evening the son switched vehicles with a friend. An accident occurred while the friend was driving the family automobile.

■■ The court in *Maryland* discussed the fact that in Illinois it has long been established that if the named insured has initially given permission to a permittee to use the insured vehicle, a deviation from the authorized use of the vehicle does not serve to terminate the permission. The court then followed the New Jersey decision of *Odolecki v. Hartford Accident & Indemnity Co.* (1970), 55 N.J. 542, 264 A.2d 38, and held that there is no reason for a distinction between a case where the first permittee exceeds the scope of permission in terms of time, place, or purpose and a case such as *Maryland* wherein the permittee exceeds the scope of permission in terms of the use of the vehicle by another person. The court in *Maryland* went on to state:

> "We agree with the Supreme Court of New Jersey 'that once the initial permission has been given by the named insured, coverage is fixed, barring theft or the like.'" 54 Ill.2d 333, 342, 297 N.E.2d 163, 168.

The rationale for the *Maryland* decision was to bring simplicity to what had become a complex area of the law necessitating frequent litigation and to further implement a policy long adhered to regarding the benefit received by the public from private insurance contracts. The court stated that "the question of whether coverage is provided under an omnibus clause should not depend upon the tenuous factual distinctions reviewed in [many previous appellate court] opinions." (54 Ill.2d 333, 342, 297 N.E.2d 163, 168.) The court in *Maryland,* quoting from *Konrad v. Hartford Accident & Indemnity Co.* (1956), 11 Ill.App.2d 503, 515, 137 N.E.2d 855, 861, also reasoned that "'* * * the insurance contract is as much for the benefit of the public as for the insured, and that it is undesirable to permit litigation as to the details of the permission and use * * *.'" 54 Ill.2d 333, 342, 297 N.E.2d 163, 168.

In order to implement the policies announced in *Maryland Casualty Co. v. Iowa National Mutual Insurance Co.* (1973), 54 Ill.2d 333, 297 N.E.2d 163, this court believes that once the owner of the vehicle (Joyce Martin) has given permission to a first permittee (Sheila McManus) to use the vehicle, any other person who subsequently drives the vehicle is covered by the policy issued to the owner of the vehicle because "coverage is fixed barring theft or the like."

■■ Both parties concede that Sheila received permission from Joyce to drive the vehicle; therefore, the only question remaining is whether

John McManus' conduct constituted "theft or the like." We do not believe that, under the facts presented, John McManus' taking of the Valiant on January 18, 1971, can be considered criminal conduct. Therefore, the trial court correctly concluded that John McManus was covered by the USF&G policy and that such policy was the primary coverage of the incident in question.

It would needlessly lengthen this opinion for us to respond to the thoughtful and clearly presented arguments of USF&G. We do not believe that the public policy and practical considerations previously discussed are outweighed by appellant's arguments.

For the foregoing reasons, the judgments entered by the Circuit Court of Cook County are affirmed.

Judgments affirmed.

BURMAN and JOHNSON, JJ., concur.