DELORES BURTON, Plaintiff-Appellee, *v.* ROBERT W. LEE, Defendant-Appellee.—(JONES BUICK-PONTIAC COMPANY, Defendant-Appellant.)

Fourth District   No. 12808

Opinion filed November 5, 1976.

Gomien & Glennon, Ltd., of Dwight (Roger B. Gomien, of counsel), for appellant.

Thomson, Thomson, Zanoni & Flynn, of Bloomington (Alan I. Weintraub, of counsel), for appellee Delores Burton.

Thompson & Strong, of Pontiac (Kenneth L. Strong, of counsel), for appellee Economy Fire and Casualty Company.

Costigan, Wollrab, Fraker, Wochner & Neirynck, of Bloomington, for appellees Robert W. Lee and State Farm Mutual Automobile Insurance Company.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:
Plaintiff Burton, sued Lee and Jones Buick for personal injuries sustained when struck by an automobile driven by Lee and owned by Jones Buick. Following the filing of an amended complaint, Jones Buick made demand that Burton admit as facts that Lee was operating the automobile of Jones without the permission, knowledge or authority of Jones and that Lee was operating the Buick for his own purpose and not

as an agent or employee of Jones. Burton's response alleged lack of knowledge and neither admitted nor denied the demand.

The issues upon appeal arise from subsidiary proceedings between several insurance companies. State Farm Mutual Automobile Insurance Company had issued a policy upon Lee's automobile and Home Insurance Company provided coverage for Jones Buick under a "garage" policy. Economy Fire and Casualty Company filed a petition to intervene alleging that Burton was its insured under uninsured motorist coverage provided by "Family Protection Coverage." Economy further alleged that two issues under the pleadings were whether Lee was an insured person "under any other automobile liability policy," and whether (1) Lee was operating Jones' automobile as an agent or employee, or (2) with the permission, express or implied, of Jones. The trial court granted leave to Economy to intervene on behalf of Lee as co-defendant.

State Farm Mutual filed a motion alleging that it was defending Lee under a reservation of rights and prayed that the court order attorneys' fees and costs be paid by Home to State Farm:

> "If the Court on the hearing for determination of insurance coverage between State Farm Mutual Automobile Insurance Company for the Defendant Lee, and the Home Insurance Company for the Defendant Jones Buick-Pontiac Company, and for Economy Auto, the uninsured motorist coverage of the Plaintiff now set for hearing for June 21, 1974, finds that the insurance coverage of Home Insurance Company covered the Defendant Lee at the time and place of the accident in question or that the Home Insurance Company did and does owe an obligation under the law of the State of Illinois to defend the Defendant, ROBERT W. LEE, in the above captioned cause * * *."

Jones Buick filed a motion which, in part, prayed the court:

> "To order that the foregoing conditions be made applicable to the intervenor in this cause, and that in the event non-insurance of the Defendant Robert W. Lee is a disputed question of fact by the parties to this cause, including the intervenor, that such question of fact be submitted to the Court for determination before the trial of the main issues in the within cause; * * *."

An evidentiary hearing was held upon such pleadings. The several parties stipulated to the admission of the respective insurance policies and agreed that the proceedings were in the nature of "an action for declaratory judgment." Section 57.1(2) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 57.1(2)) provides:

> "Subject to rules, declarations of rights, as herein provided for, may be obtained by means of a pleading seeking that relief alone,

or as incident to or part of a complaint, counterclaim or other pleading seeking other relief as well, * * *."

From such statutory language it appears that a separate action in declaratory judgment is not required, but that the relief sought in such proceedings may be incidental to and included within other proceedings.

Following the evidentiary hearing, the trial court entered an order finding that Lee was driving the Jones Buick automobile with the permission of Jones, and was an insured person under the policy issued by Home, and further found that by reason of such status Economy had no standing to intervene. The trial court dismissed Economy as an intervenor with the further finding that there was no just reason to delay an immediate appeal. Home appeals.

Contemporaneously, the trial court entered summary judgment in favor of Jones upon Burton's complaint alleging that Lee was acting as an agent or employee of Jones in driving the automobile.

The parties raised no questions of fact concerning the occurrence. Lee, aged 16 years, was employed by Jones Buick, an automobile agency, to do various caretaking jobs. More or less regularly he washed new and used automobiles and incident to such work he was permitted or directed to drive an automobile from its place on the "lot" to the wash rack and to return it to such place after washing. In so doing, Lee never drove off the lot of Jones and he had never been permitted or authorized to drive a Jones car either on or off of the lot for any other purpose or business.

Lee also had the duty of seeing that the cars on the lot were locked when the business was closed. On the date in question, at about 5 p.m., Lee went from car to car to ascertain that they were locked and if not, to lock them. The keys were to be returned to a rack provided inside of the building.

Lee discovered an Oldsmobile station wagon with a loose or broken vent catch in the left front door. This car had an ignition switch which could be placed in a position permitting the starting of the engine without a key. He locked the Oldsmobile, together with the other cars. The record does not specifically show whether he placed the switch in position to start without a key.

After the business had closed for the day, Lee returned to the lot about 7 p.m., parking his own car in the lot, went to the Oldsmobile, pushed open the vent to unlock the car door, started it and drove off. It appears that he returned to his home and picked up a younger brother to drive around with him. Plaintiff was injured when struck by the car being so driven.

The trial court did not file a memorandum opinion. The cause is argued in the light of the conclusion that since Lee was authorized to drive the

several automobiles of Jones Buick on the lot to and from the wash rack, such authorization constituted an "initial permission" so that any driving of a Jones vehicle by Lee was authorized or permitted, and that he thereby became an insured under the policy issued by Home. That policy provides coverage for any person using any automobile:

> "[W]ith the permission of the named insured * * * provided his actual operation * * * is within the scope of such permission * * *."

The issues are framed in the language of *Maryland Casualty Co. v. Iowa National Mutual Insurance Co.* (1973), 54 Ill. 2d 333, 341, 297 N.E.2d 163, 167:

> "Illinois has long followed the rule that if the named insured has initially given permission to another to use the insured vehicle, a deviation from the authorized use does not serve to terminate the permission."

The presence or absence of "permission" is a question of fact to be determined from the evidence. *National General Insurance Co. v. Ozella* (1974), 17 Ill. App. 3d 703, 307 N.E.2d 745.

The language in *Maryland Casualty* is written in the context of the facts that the insured turned over the custody and the keys to the automobile to his son with permission to use it whenever he wished. Two years prior to the injury at issue the insured had instructed the son not to permit others to drive the car. At the time in question, the son had traded the use of cars with a friend and the latter was driving the insured vehicle at the time of the injury. The opinion in *Maryland Casualty Co.* quotes *Odolecki v. Hartford Accident & Indemnity Co.* (1970), 55 N.J. 542, 549-50, 264 A.2d 38, 42:

> "Once an owner voluntarily hands over the keys to his car, the extent of permission he actually grants is as irrelevant in the one case as in the other. * * * We think that once the initial permission has been given by the named insured, coverage is fixed barring theft or the like." 54 Ill. 2d 333, 341, 297 N.E.2d 163, 167.

We have examined the several cases which have referred to *Maryland Casualty Co.*, including *United States Fire Insurance Co. v. Kendle* (1974), 23 Ill. App. 3d 531, 318 N.E.2d 644; *Country Mutual Insurance Co. v. Bowe* (1973), 13 Ill. App. 3d 386, 300 N.E.2d 274; *United States Fidelity & Guaranty Co. v. McManus* (1975), 32 Ill. App. 3d 370, 336 N.E.2d 252; *State Farm Mutual Automobile Insurance Co. v. Allstate Insurance Co.* (1974), 19 Ill. App. 3d 1029, 313 N.E.2d 251; *Western States Mutual Insurance Co. v. Verucchi* (1976), 38 Ill. App. 3d 266, 347 N.E.2d 63; *National General Insurance Co. v. Ozella* (1974), 17 Ill. App. 3d 703, 307 N.E.2d 745. We have also studied *Orrill v. Garrett* (1968), 100 Ill. App. 2d

194, 241 N.E.2d 1, and *Konrad v. Hartford Accident & Indemnity Co.* (1956), 11 Ill. App. 2d 503, 137 N.E.2d 855, decided prior to *Maryland Casualty Co.*

A common factor or characteristic in these cases is that the "initial permission" by the insured is evidenced in the delivery of the custody and possession of the keys to the vehicle and, where such is the fact, limitations of use in terms of times, place or persons who may use the vehicle will not serve to deny or limit the policy coverage of the user.

In *Konrad*, the insured had given the keys and the use of a truck to an employee, who was not required to return the truck or the keys to the custody of the insured. In *Orrill v. Garrett*, it was held that no "permission" was granted where the insured had simply been shown the location of the keys to an employee with instructions to permit a prospective purchaser to get the keys and drive the truck.

In *State Farm Mutual Automobile Insurance Co. v. Allstate Insurance Co.*, the court noted that the opinion in *Maryland Casualty Co.* "discussed the issue of implied permission, and concluded that it was necessary for the owner of the vehicle initially to hand over the keys of the vehicle before permission can be inferred." (19 Ill. App. 3d 1029, 1033, 313 N.E.2d 251, 254.) In that case, the person who was driving had "permission" to drive the owner on an errand. Upon completion of the errand he returned the keys but later obtained them in an unauthorized way. It was held that the driver did not have "permission" to drive as to the subsequent trip made after regaining the keys and that there was no coverage.

In *United States Fire Insurance Co. v. Kendle*, a permittee and a companion were at a party. The opinion notes that "somehow Lee obtained the keys from the inebriated Ronald" and was driving the car at the time of the injury. The court stated that while Lee had permission, the record did not disclose whether Lee had given permission to Ronald to drive the car, and the cause was remanded so that the trial court might determine such fact.

In *Western States Mutual Insurance Co. v. Verucchi*, a companion left a restaurant before the permittee using the car. The former found the keys in the car and drove it some distance. The reviewing court reversed the finding that the owner's policy covered the injury concluding that upon the facts there was neither express nor implied permission from the permittee for the companion to take the car.

We find a contrary holding in *United States Fidelity & Guaranty Co. v. McManus* (1975), 32 Ill. App. 3d 370, 336 N.E.2d 252 (*leave to appeal allowed*). Planning absence of some duration, the owner had delivered the keys and custody of the car to a friend. The latter permitted her

brother to use the car on one errand. Subsequently, the brother obtained the keys without express authority. The court held that there was implied permission because it found no criminal conduct in the taking by the brother.

The facts present in *Maryland Casualty Co.* did not require consideration by that court of those instances where the use of the vehicle had terminated and the possession, as evidenced by the control of the keys had been returned to the owner insured. That opinion states that a deviation from the insured's instructions or limitations or permission does not terminate such permission. That is not the same issue as is present here where the vehicle is returned to the insured. We note that in *Bowe, Kendle, McManus, Ozella, Konrad* and *Visintin v. Country Mutual Insurance Co.* (1966), 78 Ill. App. 2d 75, 222 N.E.2d 550, cited in behalf of Economy and State Farm, the custody of the vehicle as evidenced by the possession of the keys had not been returned to the insured prior to the injury. They thus do not address the issue presented here.

In *Maryland Casualty*, the supreme court noted at length from *Konrad v. Hartford Accident & Indemnity Co.*, including language that:

> "[I]f the original taking by the user is with the named insured's consent, every act of the user subsequent thereto while he is driving the vehicle is with the named insured's permission so far as the omnibus clause is concerned, *assuming there is no termination of permission; * * *.*" (Emphasis supplied.) (11 Ill. App. 2d 503, 515, 137 N.E.2d 855, 861.)

Such reference to the termination of permission is also quoted in *Visintin v. Country Mutual Insurance Co.*

There is no contention that Lee had express permission to drive the Jones Buick vehicle off of the Jones' lot for his personal or general use. The taking here was obviously secret and clandestine and without claim of permission.

It is said that implied permission may be inferred from a course of conduct in which there is mutual acquiescence or lack of objection under circumstances signifying permission. (*Orrill v. Garrett* (1968), 100 Ill. App. 2d 194, 241 N.E.2d 1; *Country Mutual Insurance Co. v. Bowe* (1973), 13 Ill. App. 3d 386, 300 N.E.2d 274.) The facts in evidence do not disclose any course of conduct in Jones Buick in which there was acquiescence in Lee's use of a vehicle for his own purposes, or for any other than delivery to the wash rack and return. The record does not show any implied permission in the context of *Bowe*.

We conclude that this case should be decided consistently with the authority of *State Farm Mutual Insurance Co. v. Allstate Insurance Co.* (1974), 19 Ill. App. 3d 1029, 313 N.E.2d 251, that there is no implied

permission to use an insured automobile after the custody of the vehicle, as evidenced by the keys, has been returned to the insured.

The judgment of the trial court is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

CRAVEN and GREEN, JJ., concur.