PEKIN INSURANCE COMPANY *et al.*, Plaintiffs-Appellants, v. FIDELITY AND GUARANTY INSURANCE COMPANY, Defendant-Appellee (Janice L. Holmes *et al.*, Defendants).

Fourth District   No. 4—04—0039

Argued October 20, 2004.—Opinion filed March 14, 2005.

Robert Marc Chemers (argued) and Richard R. Gordon, both of Pretzel & Stouffer, Chtrd., of Chicago, for appellants.

Thomas M. Hamilton (argued), Jennifer K. Gust, Christine L. Olson, and Timothy G. Shelton, all of Hinshaw & Culbertson, L.L.P., of Chicago, for appellee.

JUSTICE MYERSCOUGH delivered the opinion of the court:

In February 1999, a business van owned by Sanfilippo and Sons, Inc. (delivery van owner), and insured by defendant Fidelity and Guaranty Insurance Company (Fidelity) broke down. The driver, Thomas Graff (delivery van driver), called for a tow and Brown's Vehicle Inspection (Brown's towing business), a business owned by Larrie D. Brown, responded with a tow truck insured by plaintiff Pekin Insurance Company (Pekin). Christopher Huckstep (tow truck driver), hitched the van to the tow truck and proceeded to drive toward Quincy, Illinois. During the trip, the van broke free, crossed into oncoming traffic, and injured the driver and passenger of an oncoming vehicle. The driver and passenger of the oncoming vehicle sued Larrie D. Brown individually and as Brown's towing business, as well as the tow truck driver, the delivery van owner, and the delivery van driver. Pekin, the insurer of Brown's towing business and its driver, initiated this declaratory judgment action against the delivery van owner's insurer, Fidelity, seeking a declaration that Fidelity owed a duty to defend Brown's towing business and its driver and that Pekin owed no duty to defend the delivery van owner and its driver. Pekin argues the trial court erred in granting judgment on the pleadings that (1) Brown's towing business and its driver were not covered by Fidelity as omnibus users of the delivery van; (2) the delivery van owner's insurer, Fidelity, did not breach its duty to defend Brown's towing business and its driver; (3) Pekin had a duty to defend the delivery van owner and its driver; and (4) Pekin breached its duty to defend the delivery van owner and its driver.

We conclude that, while Brown's towing business is covered by Fidelity as an omnibus user of the delivery van, Pekin's coverage for Brown's towing business's use of the delivery van is primary and Fidelity's coverage is secondary and excess over that of Pekin. We further find Brown's towing business has no right to "deselect" its Pekin insurance policy.

Accordingly, we reverse the trial court's judgment that (1) towing

the delivery van did not constitute a use of the delivery van by Brown's towing business and its driver, (2) Brown's towing business and its driver are excluded from coverage by the business exclusion in the Fidelity policy, (3) Fidelity should be allowed an opportunity to demonstrate Brown's towing business's Pekin policy cannot be "deselected," and (4) Pekin breached its duty to defend the delivery van owner and its driver. We affirm the court's judgment that Pekin owed a duty to defend the delivery van owner and its driver.

## I. BACKGROUND

The facts are largely undisputed. On February 16, 1999, Graff operated a delivery van owned by Sanfilippo. The van broke down near Carthage, Illinois, and the delivery van driver called Brown's towing business and requested a tow to Quincy, Illinois. The tow truck driver, an employee of Brown's towing business, responded to the delivery van driver's request for a tow truck. After hitching the back of the van to the tow truck, the tow truck driver drove toward Quincy with the delivery van driver as a passenger in the tow truck.

As the two drove west on Illinois 61 toward Quincy, the van broke loose from the tow truck, crossed into the eastbound lane, and struck Janice L. Holmes's vehicle, in which Suzann R. Witt was a passenger, injuring both. As a result of the collision, in November 1999, Janice L. Holmes sued Larrie Brown individually and as Brown's towing business, as well as the tow truck driver, the delivery van owner, and the delivery van driver. In January 2000, Witt sued the same defendants.

The Witt and Holmes complaints alleged common-law negligence against Brown's towing business and its driver in failing to properly secure the delivery van to the tow such that it came unhitched. The complaints against the delivery van's driver allege common-law negligence in that, *inter alia*, he failed to set up the towing connections in a proper manner; engaged in a driveaway-towaway operation on a public highway with knowledge the hitch was not secure; continued to engage in the driveaway-towaway operation when he knew or should have known the hitch was not secure; and towed the van from the rear instead of the front, when he knew or should have known the only safe way to tow the van was from the front. The Witt complaint alleges the delivery van owner was negligent in failing to train, educate, or instruct its employees, including the delivery van driver, as to proper towing procedures in the event of a breakdown.

Brown's towing business owned a $750,000 Pekin insurance policy on the tow truck. The delivery van owner had an insurance policy from Fidelity consisting of commercial liability insurance, employee benefits liability insurance, business auto insurance with a liability

limit of $1 million, and commercial umbrella liability insurance with a limit of $25 million. In February 2003, Brown's towing business and its driver "deselected" their coverage under the Pekin policy and targeted Fidelity.

On February 19, 2003, Brown's towing business's insurer, Pekin, filed a declaratory judgment action against Fidelity, seeking a declaration that (1) Brown's towing business was insured under the towed delivery van's Fidelity policy, (2) the tow truck driver was insured under the delivery van's policy, (3) Fidelity was Brown's towing business's and its driver's sole and exclusive insurer for the underlying actions, and (4) Fidelity breached its duty to defend by denying Brown's towing business's tender of defense. Fidelity filed a counterclaim, which it later amended to allege that (1) the delivery van owner and its driver were insured by the tow truck owner's Pekin policy; (2) Pekin breached its duty to defend the delivery van owner and its driver; (3) Brown's towing business was not a "user" of the delivery van; (4) Brown's towing business was not insured under the delivery van's Fidelity policy; (5) Brown's towing business made an invalid "targeted tender"; (6) even if Brown's towing business and its driver were "users" of the delivery van, they were not covered by the delivery van's Fidelity policy because the detachment of the van was an expected or intended result; (7) even if Brown's towing business is covered by the delivery van's Fidelity policy, that coverage is excess over other insurer's policies, *i.e.*, over Brown's towing business's Pekin policy; and (8) the delivery van's umbrella policy with Fidelity was not triggered.

Both Pekin and Fidelity filed motions for judgment on the pleadings. The trial court denied Pekin's motion and granted Fidelity's motion for judgment on the pleadings, finding (1) towing the delivery van did not constitute a "use" of the delivery van by Brown's towing business and its driver; (2) Brown's towing business and its driver were not permissive users of the delivery van, and Fidelity did not have a duty to defend them; (3) Brown's towing business and its driver were excluded from coverage by the business exclusion in the Fidelity policy; (4) Fidelity should be allowed an opportunity to demonstrate that Brown's towing business's Pekin policy cannot be "deselected"; (5) Pekin breached its duty to defend the delivery van owner and its driver; (6) Pekin owed a duty to defend the delivery van owner and its driver; and (7) Fidelity did not breach its duty to defend Brown's towing business and its driver. This appeal followed.

## II. ANALYSIS

On appeal, Pekin argues the trial court erred in finding (1)

Brown's towing business and its driver were not covered by the delivery van's Fidelity policy as omnibus users of the delivery van; (2) Fidelity did not breach its duty to defend Brown's towing business and its driver; (3) Pekin, as insurer of the towing business, had a duty to defend the delivery van owner and its driver; and (4) Pekin breached its duty to defend the delivery van owner and its driver.

## A. Standard of Review

■ A trial court should enter a judgment on the pleadings only if the record reveals no genuine issue of material fact and the moving party is entitled to the judgment as a matter of law. *M.A.K. v. Rush-Presbyterian-St. Luke's Medical Center*, 198 Ill. 2d 249, 255, 764 N.E.2d 1, 4 (2001). We review the judgment *de novo*, asking whether any genuine issue of material fact exists and, if not, whether the prevailing party is entitled to a judgment as a matter of law. *XLP Corp. v. County of Lake*, 317 Ill. App. 3d 881, 885, 743 N.E.2d 162, 165-66 (2000).

## B. Permissive Use

### 1. *Delivery Van's Fidelity Policy*

■ ■ Pekin, as Brown's towing business's insurer, first argues Fidelity had a duty to defend Brown's towing business and its driver because, at the time of the accident, the tow truck driver was a permissive user or omnibus insured of the towed delivery van under the omnibus clause in the delivery van owner's insurance policy. See *State Farm Mutual Automobile Insurance Co. v. Universal Underwriters Group*, 182 Ill. 2d 240, 243-44, 695 N.E.2d 848, 850 (1998) ("[a] provision in an automobile insurance policy extending liability coverage to persons who use the named insured's vehicle with his or her permission is commonly referred to as an omnibus clause"). Fidelity, in turn, argues it had no duty to defend Brown's towing business and its driver and, in fact, Pekin had a duty to defend the delivery van owner and its driver, as they were permissive users of the tow truck. The first issue is whether Fidelity owed a duty to defend Brown's towing business and its driver.

> "When determining whether an insurance provider has a duty to defend its insured in a lawsuit, a court should generally apply an 'eight[-]corners rule'—that is, the court should compare the four corners of the underlying complaint with the four corners of the insurance contract and determine whether the facts alleged in the underlying complaint fall within, or potentially within, the insurance policy's coverage." *Farmer's Automobile Insurance Ass'n v. Country Mutual Insurance Co.*, 309 Ill. App. 3d 694, 698, 722 N.E.2d 1228, 1232 (2000).

The question of construction of an insurance policy is a question of law that is reviewed *de novo*. *Guillen v. Potomac Insurance Co. of Illinois*, 203 Ill. 2d 141, 149, 785 N.E.2d 1, 6 (2003).

Here, the business-auto portion of the delivery van's Fidelity insurance policy provides, in pertinent part, as follows:

"A. Coverage

We will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance, *or use* of a covered 'auto.'

\* \* \*

1. Who Is An Insured

The following are 'insureds':

a. You for any covered 'auto.'

b. Anyone else *while using with your permission* a covered 'auto' you own, hire or borrow \*\*\*.

\* \* \*

5. Other Insurance

a. For any covered 'auto' you own, this [c]overage [f]orm provides primary insurance. For any covered 'auto' you don't own, the insurance provided by this [c]overage [f]orm is excess over any other collectible insurance.

\* \* \*

d. When this [c]overage [f]orm and any other [c]overage [f]orm or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the [l]imit of [i]nsurance of our [c]overage [f]orm bears to the total of the limits of all the [c]overage [f]orms and policies covering on the same basis." (Emphases added.)

The complaints in the underlying case allege common-law negligence against Brown's towing business, the tow truck driver, the delivery van owner, and the delivery van driver for essentially failing to properly secure the van to the tow such that it veered off and struck plaintiffs' vehicle.

■ Illinois has defined "use" of a vehicle under an omnibus clause as "operation" or "control of operation." For example, in *Thomas v. Aetna Casualty & Surety Co.*, 28 Ill. App. 3d 363, 367, 328 N.E.2d 374, 375 (1975), two men jumped onto the hood of the driver's car as he was attempting to leave a party, obstructing his vision, whereupon he struck the victim with his car. The victim sued the driver of the car, as well as the two men who had jumped on the car. *Thomas*, 28 Ill. App. 3d at 364, 328 N.E.2d at 375. In the declaratory judgment actions among the defendants that followed, the insurance companies of the men who had jumped on the hood asked for a declaration that the

vehicle owner's insurance provided primary coverage to the men who had jumped on the hood as "users" of the vehicle. *Thomas*, 28 Ill. App. 3d at 364, 328 N.E.2d at 375. This court affirmed the denial of coverage to the men riding on the car and stated "control of operation" is one of the factors that constitutes "use." *Thomas*, 28 Ill. App. 3d at 367, 328 N.E.2d at 377.

In *Apcon Corp. v. Dana Trucking, Inc.*, 251 Ill. App. 3d 973, 974, 623 N.E.2d 806, 807 (1993), an Apcon employee directed, by hand signals, the backing of a truck owned by Dana Trucking and driven by a Dana employee when it struck and killed the plaintiff. The plaintiff's estate sued Apcon, and Apcon contended it was covered under Dana's insurance policy because, by directing the driver with hand signals, it was "using" the truck with permission of the insured. *Apcon*, 251 Ill. App. 3d at 976, 623 N.E.2d at 807. This court disagreed, finding Apcon was not a "user" of the Dana vehicle and stating "in order to constitute a 'use' or be a 'user' under the policy, such as to be an insured, one must be in operation of the vehicle." *Apcon*, 251 Ill. App. 3d at 980, 623 N.E.2d at 811.

The exact issue of whether a tow truck "uses" or "operates" the vehicle it tows so as to be an omnibus insured under the towed vehicle's policy is one of first impression in this state. The majority of other jurisdictions, however, have held a tow truck owner uses the towed vehicle with the permission of the named insured, resulting in coverage under the towed vehicle's policy. Absent an Illinois determination on a point of law, the courts of this state will look to other jurisdictions as persuasive authority. *Hawthorne v. Village of Olympia Fields*, 328 Ill. App. 3d 301, 316, 765 N.E.2d 475, 487 (2002) (Quinn, J., specially concurring in part and dissenting in part).

In *Howard v. Ponthieux*, 326 So. 2d 911, 912 (La. App. 1976), the victims were injured when a truck broke loose from the tow truck, entered oncoming traffic, and collided with their vehicle. The plaintiffs sued the tow truck owner and driver, the driver of the towed vehicle before the towing, the towed vehicle's insurance company, and the passenger-victim's insurance company. *Howard*, 326 So. 2d at 912. At issue was whether the towed vehicle's insurance provided coverage for the accident. *Howard*, 326 So. 2d at 912. Although the court ultimately found no coverage existed because of a business exclusion in the policy, it observed that the term "use" " 'is not limited to those actually operating or driving the motor vehicle but extends to those who have such a right of control over the vehicle as to impose a legal responsibility upon them for the use of the vehicle.' " *Howard*, 326 So. 2d at 914, quoting 7 Am. Jur. 2d *Automobile Insurance* § 110 (now 7 Am. Jur. 2d *Automobile Insurance* § 96 (1997)). The court concluded that the tow

truck driver was "unquestionably" using the towed vehicle with the permission of the named insured. *Howard*, 326 So. 2d at 914; see also *Dutch v. Harleysville Mutual Insurance Co.*, 139 N.C. App. 602, 534 S.E.2d 262 (2000) (declaratory judgment action finding mired vehicle's coverage primary and towing vehicle's coverage excess where victim was killed while attaching chain between vehicles in preparation to tow); *Westfield Insurance Co. v. Aetna Life & Casualty Co.*, 153 Ariz. 564, 568, 739 P.2d 218, 222 (App. 1987) (declaratory judgment action where towed vehicle's carrier was forced to cover tow truck owner and driver after their carrier became insolvent because they were "using" towed vehicle at time of accident); *Hartford Accident & Indemnity Co. v. Travelers Insurance Co.*, 167 N.J. Super. 335, 344, 400 A.2d 862, 867 (1979) (declaratory judgment action where towed vehicle's carrier was found to provide coverage because tow truck company and its driver were "using" towed vehicle within meaning of omnibus clause); *Dairyland Insurance Co. v. Drum*, 193 Colo. 519, 522-23, 568 P.2d 459, 462 (1977) (declaratory judgment action where tow truck driver was found to be "using" towed vehicle so as to be covered by towed vehicle's insurance policy); *State Automobile Mutual Insurance Co. v. State Farm Mutual Automobile Insurance Co.*, 456 F.2d 238, 239 (6th Cir. 1972) (suit for proration between insurance companies of towing vehicle and towed vehicle, finding both vehicles were being used by driver of towing vehicle); *American Fire & Casualty Co. v. Allstate Ins. Co.*, 214 F.2d 523, 525 (4th Cir. 1954) (insurer of towing vehicle was allowed contribution from towed vehicle's insurance company because towing vehicle "used" towed vehicle).

In another case involving use of a towed vehicle, *American Fire & Casualty*, 214 F.2d at 524, the victims were injured as a result of a collision between their vehicle and another vehicle, which was towing a Jeep. The driver of the towing vehicle owned both the towing vehicle and the Jeep being towed and had separate insurance policies covering each. *American Fire & Casualty*, 214 F.2d at 524. The insurer for the towed Jeep was required to share the liability with the towing vehicle's insurer because the plaintiff's injuries arose out of ownership, maintenance, or use of the towed Jeep. *American Fire & Casualty*, 214 F.2d at 524. The court observed the Jeep

> "was moving on the road by means of its own running gear and although it was not employing its own power unit, it was subject to the vicissitudes and dangers of travel on the public highway and was being propelled under circumstances not infrequently encountered. It cannot be said that the employment of the vehicle in such a manner was so unusual as not to have been within the contempla-

tion of the parties to the insurance contract, and it would violate the usual rule of liberal interpretation of such an agreement in favor of the insured, if it should be held that a car being transported under the circumstances was not actually in use." *American Fire & Casualty*, 214 F.2d at 525.

Therefore, the facts as pleaded in the underlying complaint are sufficient to potentially fall within the delivery van owner's Fidelity policy coverage. However, to determine who owes the primary duty to defend, we must determine whether or on what basis Brown's towing business's Pekin policy provides coverage to (1) Brown's towing business and its driver and (2) the delivery van owner and its driver.

### 2. *Towing Business's Pekin Policy*

Fidelity argues the towing business's insurer, Pekin, owed a duty to defend Fidelity's named insureds, the delivery van owner and driver, because they were permissive users of the tow truck within the omnibus clause in Brown's towing business's auto policy issued by Pekin. Pekin's policy with Brown's towing business provides, in pertinent part, as follows:

"Part IV—Liability Insurance

A. We will pay

1. We will pay all sums the insured legally must pay as damages because of bodily injury or property damage to which this insurance applies, caused by an accident and resulting from the ownership, maintenance *or use* of a covered auto.

B. Other Insurance

1. For any covered auto you own this policy provides primary insurance. For any covered auto you don't own, the insurance provided by this policy is excess over any other collectible insurance.

\* \* \*

2. When two or more policies cover on the same basis either excess or primary, we will pay only our share. Our share is the proportion that the limit of our policy bears to the total of the limits of all the policies covering on the same basis." (Emphasis added.)

The complaints against the delivery van owner and its driver allege common-law negligence in towing the delivery van. Specifically, the complaints allege the delivery van driver attached the delivery van in preparation for towing. Again, to constitute a "use" or be a "user" such as to be insured under an omnibus clause as here, one must be in *operation* of the vehicle. *Apcon*, 251 Ill. App. 3d at 980, 623 N.E.2d at 811. Towing as a "use" of an automobile extends to activities directly relating to the preparation for such towing or the termination thereof.

*Michigan Mutual Liability Co. v. Ohio Casualty Insurance Co.*, 123 Mich. App. 688, 693, 333 N.W.2d 327, 330 (1983), citing 7 Am. Jur. 2d *Automobile Insurance* § 131 (now 7 Am. Jur. 2d *Automobile Insurance* § 95 (1997)).

In comparing the tow truck business's Pekin insurance policy with the underlying complaints, the complaints allege facts that potentially fall within the tow truck business's Pekin policy coverage. Although the delivery van driver did not drive the tow truck, the complaints allege negligence by him in hitching the van to the tow truck. Operating the tow truck's equipment to attach a vehicle for tow constitutes "operation" of the tow truck so as to potentially make the delivery van driver an insured under the towing business's Pekin policy. Accordingly, the facts, as pleaded, are sufficient to raise a question as to the delivery van driver's use of the tow truck and give rise to Pekin's duty to defend the delivery van owner and its driver.

In summary, the facts as pleaded in the complaints are sufficient to potentially provide coverage to (1) the delivery van owner and its driver by Pekin and (2) Brown's towing business and its driver by Fidelity. The question is which provides primary coverage in this situation.

■ Here, both the Pekin policy and the Fidelity policy contain "other insurance" clauses, purporting to make their coverage excess in situations where the named insured does not own the vehicle being used. Where two insurance policies each purport to offer only secondary coverage, the insurance of the vehicle's owner is primary while that of the driver is secondary. *State Farm Mutual Automobile Insurance Co. v. Hertz Claim Management Corp.*, 338 Ill. App. 3d 712, 717, 789 N.E.2d 407, 411 (2003). Generally, "[i]f the policy language is unambiguous, the policy will be applied as written, unless it contravenes public policy." *Hobbs v. Hartford Insurance Co. of the Midwest*, 214 Ill. 2d 11, 17, 823 N.E.2d 561, 564 (2005).

■ However, allowing Pekin to become secondary coverage for its tow of the delivery van violates the public policy reflected in section 12—606(d) of the Illinois Vehicle Code (625 ILCS 5/12—606(d) (West 2002)), mandating liability insurance for tow trucks. See *Fuller v. Snyder*, 323 Ill. App. 3d 303, 307, 752 N.E.2d 1212, 1215 (2001) (where mutually repugnant "other insurance" clauses exist and one violates public policy, that insurer becomes primary insurer while other insurer is secondary). In light of the policy of mandatory insurance for tow trucks and the fact that Brown's towing business was engaged in the business of towing automobiles, a business based on the use of vehicles it does not own, we find Pekin is the primary insurer for the delivery van's use by Brown's towing business's driver and the delivery van

driver. Therefore, Fidelity's coverage for the delivery van's use is secondary and excess over that of Pekin.

Brown's towing business's insurer, Pekin, argues it owes no duty to defend or indemnify anyone because Brown's towing business and its driver "deselected" their coverage under the Pekin policy and "targeted" Fidelity. Fidelity responds that allowing Brown's towing business and its driver to deselect their statutory Pekin policy and target the delivery van owner's Fidelity policy violates the public policy of Illinois and is not required by Illinois law. We agree with Fidelity.

The principal purpose of mandatory automobile liability insurance is to protect the public by securing payment of its damages. *State Farm Mutual Automobile Insurance Co. v. Smith*, 197 Ill. 2d 369, 376, 757 N.E.2d 881, 885 (2001). Illinois's law requires that tow trucks have liability insurance policies. 625 ILCS 5/12—606(d) (West 2002). Insurance is mandatory for tow trucks on public highways in order to protect the public from damage arising from the use of tow trucks. To allow the owner of a policy mandated by this statute to deselect that coverage in favor of the coverage of the vehicle it tows would render the statute and its purpose virtually meaningless.

Brown's towing business's insurer, Pekin, argues Brown's towing business and its driver have an exclusive right to determine whether to trigger coverage under an available policy by making a selective tender of its claims and cites *John Burns Construction Co. v. Indiana Insurance Co.*, 189 Ill. 2d 570, 727 N.E.2d 211 (2000), in support. In *John Burns*, 189 Ill. 2d at 571, 727 N.E.2d at 213, John Burns entered into a subcontracting agreement in which Sal Barba Asphalt Paving, Inc., would pave a parking lot. The agreement provided that Sal Barba would add Burns to its insurance contract with Indiana Insurance Company by way of an additional endorsement. *John Burns*, 189 Ill. 2d at 571, 727 N.E.2d at 213. After a victim slipped and fell in the lot and sued John Burns, Burns targeted Indiana instead of its own carrier. *John Burns*, 189 Ill. 2d at 571, 727 N.E.2d at 213. The court held where nothing in the policy limited John Burns's choice, it had a right to choose which insurer would be required to defend and indemnify it in the underlying action. *John Burns*, 189 Ill. 2d at 574, 727 N.E.2d at 215.

*John Burns* is distinguishable. There, the contractor was named on both policies and both insurers were thus primary carriers. Moreover, John Burns's inclusion on the Indiana policy was specifically part of a negotiated construction contract with the subcontractor that owned the Indiana policy.

In the case *sub judice*, Brown's towing business and its driver

were not named as insureds or additional insureds on the delivery van owner's Fidelity policy but were omnibus insured. Their status in relation to Fidelity was not a specific part of a contract between Brown's towing business and the delivery van's owner. Moreover, the "targeted-tender" doctrine has thus far been limited primarily to the context of construction contracts involving a named additional insured. Therefore, *John Burns* does not require Brown's towing business and its driver be allowed to "deselect" their own coverage in favor of the delivery van owner's Fidelity policy. Because Brown's towing business and its driver did not have a right to deselect their coverage under the Pekin policy and target the delivery van owner's Fidelity policy, the towing business's Pekin policy remains the primary insurer.

### 3. *Breach of Duty To Defend*

■ Because Fidelity's coverage to Brown's towing business and its driver was secondary, it did not breach any duty to defend. However, Pekin, as the primary insurer, owed a defense to the delivery van driver, and we now consider whether it breached its duty to provide one.

In *Cincinnati Cos. v. West American Insurance Co.*, 183 Ill. 2d 317, 329-30, 701 N.E.2d 499, 505 (1998), the court held that "to have actual notice sufficient to locate and defend a suit, the insurer must know both that a cause of action has been filed and that the complaint falls within or potentially within the scope of the coverage of one of its policies."

However, in *Home Insurance Co. v. United States Fidelity & Guaranty Co.*, 324 Ill. App. 3d 981, 994-95, 755 N.E.2d 122, 134 (2001), the First District Appellate Court found *Cincinnati* distinguishable where the additional insured was neither named nor listed on the policy. See also *American National Fire Insurance Co. v. National Union Fire Insurance Co. of Pittsburg, PA*, 343 Ill. App. 3d 93, 101, 796 N.E.2d 1133, 1139 (2003) (additional named insured required to tender defense directly to insurer rather to other insured named on policy). Similarly, here the delivery van driver was not listed on the Pekin policy, so mere notice of the underlying cause of action alone did not necessarily put Pekin on notice that it owed a defense to its omnibus insured. Based on *Home* and *American National*, Pekin's duty to defend the delivery van driver in the instant case was never triggered because the delivery van driver never tendered defense of the action to Pekin.

### C. Business Exclusion

■ Pekin contends the trial court erred in finding the delivery van owner's Fidelity policy business exclusion precluded coverage for

Brown's towing business and its driver. Pekin contends Fidelity's business exclusion is void as against public policy. We agree with Pekin.

The business exclusion in the delivery van owner's Fidelity policy provides the following are excluded from coverage: "Someone using a covered 'auto' while he or she is working in a business of selling, servicing, repairing, parking[,] or storing 'autos' unless that business is yours." Clearly, this exclusion applies to Brown's towing business as Brown's is someone working in a business and we have already found it "used" the delivery van.

However, the Illinois Supreme Court found such a business exclusion violated public policy in *State Farm*, 197 Ill. 2d at 373, 757 N.E.2d at 883, where the relevant insurance provision denied coverage for an insured vehicle when that vehicle was " 'BEING REPAIRED, SERVICED[,] OR USED BY ANY PERSON EMPLOYED OR ENGAGED IN ANY WAY IN A CAR BUSINESS' " (emphasis omitted). The court held the automobile-business exclusion in the policy violated the public policy stated in section 7—317(b)(2) of the Illinois Vehicle Code (625 ILCS 5/7—317(b)(2) (West 1998)), stating that section 7—317(b)(2) "mandates that a motor vehicle liability policy, or a liability insurance policy, cover the named insured and any other person using the vehicle with the named insured's permission." *State Farm*, 197 Ill. 2d at 374, 757 N.E.2d at 884. The court stated that, in violation of section 7—317(b)(2), "a provision written into an insurance policy that excludes coverage for persons engaged in an automobile business necessarily excludes coverage for persons who are using an insured's vehicle with the insured's express or implied permission." *State Farm*, 197 Ill. 2d at 374, 757 N.E.2d at 884.

"The Illinois legislature has decided that the public policy of Illinois requires that an insurance company that issues a liability insurance policy or motor vehicle liability policy to an insured must cover the insured and any other person who has received the insured's express or implied permission to use the vehicle." *State Farm*, 197 Ill. 2d at 375-76, 757 N.E.2d at 885. The principal purpose of mandatory automobile liability insurance is to protect the public by securing payment of their damages. *State Farm*, 197 Ill. 2d at 376, 757 N.E.2d at 885.

The Fidelity business exclusion also violates that public policy. The fact that tow trucks are required to carry their own insurance does not mean that towed vehicles should be allowed to except tow trucks from their coverage. The policy of protecting the public is best served by having both the tow truck's policy and the towed vehicle's policy as available insurance.

Because the delivery van owner's Fidelity policy business exclu-

sion as applied to Brown's towing business violates the public policy of Illinois as stated in *State Farm*, the trial court improperly denied Pekin judgment on the pleadings as to this claim.

## III. CONCLUSION

For the reasons stated, we reverse the trial court's judgment that towing the delivery van did not constitute a use of the delivery van by Brown's towing business and its driver, Brown's towing business and its driver were not permissive users of the delivery van, Brown's towing business and its driver are excluded from coverage by the business exclusion in the Fidelity policy, Fidelity should be allowed an opportunity to demonstrate Brown's towing business's Pekin policy cannot be "deselected," and Pekin breached its duty to defend the delivery van owner and its driver. We affirm the court's judgment that Pekin owed a duty to defend the delivery van owner and its driver and Fidelity did not breach its duty to defend Brown's towing business and its driver.

Affirmed in part and reversed in part.

COOK, P.J., and APPLETON, J., concur.