No. 3--07--0325

Filed August 8, 2008

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

| | | |
|---|---|---|
| RAMONA KOLACKI, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois |
| | ) | |
| v. | ) | No. 06-L-387 |
| | ) | |
| LAURA VERINK and RANDALL | ) | |
| VERINK, | ) | Honorable |
| | ) | Gerald R. Kinney, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE CARTER delivered the opinion of the court:

Plaintiff, Ramona Kolacki, brought suit against defendants, Laura and Randall Verink, alleging violation of the Animal Control Act (510 ILCS 5/1 et seq. (West 2006)) and negligence based on premises liability for injuries plaintiff sustained when she was kicked in the head by a horse at her job. Defendants filed a motion to dismiss the complaint pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2006)). After hearing arguments on the motion, the trial court found that plaintiff's action was barred by the exclusive remedy provision of the Illinois Workers' Compensation Act (820 ILCS 305/5(a) (West 2006)) and granted the motion to dismiss. Plaintiff filed a motion to reconsider and a motion for leave to file a first amended complaint adding the horse owner as a defendant. The trial court subsequently denied both motions. Plaintiff appeals, arguing: (1) that the trial court erred in granting the motion to dismiss, and (2) that the trial court erred in denying plaintiff leave to file the first amended complaint. We affirm.

FACTS

Defendant Randall Verink (referred to individually as Randall) is the sole owner of Silvercrest Veterinary Services, Limited (Silvercrest), and works for Silvercrest as a veterinarian. Randall and his wife, codefendant Laura Verink (referred to individually as Laura), own property in Will County, Illinois, where their home and a horse facility are located. Silvercrest rents the horse facility from Laura and Randall (referred to collectively as defendants) and provides horse treatment services and boarding services at that location. Plaintiff, Ramona Kolacki, worked for Silvercrest at the horse facility doing general upkeep and maintenance, such as turning out horses, cleaning stalls, and emptying and cleaning water and feed buckets.

On November 25, 2005, plaintiff was working at the facility cleaning out the stalls. A prospective buyer was coming to look at a horse that was being boarded at the facility. The owner of that horse had paid Silvercrest to board the horse at that location. Silvercrest and defendants do not sell horses and were not involved in the sale. However, because the horse was being boarded at that facility, Laura was asked to get the horse ready for the prospective buyer. At some point, while plaintiff was performing her duties, the horse allegedly kicked her in the head, causing significant injuries.

Plaintiff subsequently filed a workers' compensation claim against Laura and, later, against Silvercrest. While the claim was pending, plaintiff brought the instant action in the circuit court of Will County. The initial complaint named only Laura and Randall as defendants and alleged a violation of the Animal Control Act and negligence based on premises liability.

Defendants moved to dismiss the complaint pursuant to section 2-619 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-619 (West 2006)) alleging that plaintiff's suit was barred by the

exclusive remedy provision of the Workers' Compensation Act (820 ILCS 305/5(a) (West 2006)). Defendants also moved to dismiss the complaint's allegations against Randall pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2006)) alleging that the complaint had failed to set forth any conduct on the part of Randall that would give rise to a negligence claim. Attached to the motion to dismiss was the affidavit of Laura stating that she has worked for Silvercrest as the bookkeeper and farm manager for the past several years and that at the time of the accident, she was working as an employee of Silvercrest.

The trial court granted plaintiff's motion to conduct limited discovery, in part, and allowed plaintiff's attorney to depose Laura regarding the facts relevant to the application of the exclusive remedy provision. A copy of Laura's deposition was attached to plaintiff's response to the motion to dismiss. During the deposition, Laura initially testified that she was not an employee of Silvercrest. Defendants' attorney asked to take a break. After returning from break, upon further questioning, Laura clarified her answer and stated that she works for Silvercrest as a bookkeeper and barn manager but that she does not get paid for her services. Laura stated further that she did not receive any additional money for preparing the horse in question for sale, that she was only paid the standard boarding fee, and that she was getting the horse ready as part of her responsibilities as the barn manager of the facility.

A hearing was held on the motion. After considering the arguments of the parties, the trial court found that plaintiff's lawsuit was barred by the exclusive remedy provision of the Act and granted the section 2-619 motion to dismiss. Plaintiff filed a motion for leave to file a first amended complaint to name the horse owner as an additional defendant. A copy of the first amended complaint was attached to the motion. A different judge heard, and granted, the motion for leave to

file the first amended complaint. Plaintiff also filed a motion to reconsider the grant of the motion to dismiss. The judge that ruled upon the motion to dismiss heard the motion to reconsider. That judge denied the motion to reconsider and also vacated the other judge's ruling granting plaintiff leave to file the first amended complaint. This appeal followed.

ANALYSIS

As her first point of contention on appeal, plaintiff argues that the trial court erred in finding that defendants are entitled to the protection of the exclusive remedy provision of the Act and in granting defendants' section 2-619 motion to dismiss the complaint. Plaintiff asserts that under the dual-capacity doctrine, defendants are not entitled to the protection of the Act because at the time of the injury, defendants were acting in a separate and distinct capacity as owners of the property and as operators of a second business, one that boarded, trained, and sold horses. In the alternative, plaintiff also asserts as to Laura that the evidence viewed in the light most favorable to plaintiff shows that Laura was not an employee or agent of Silvercrest at the time of the injury and is not entitled to the protection of the Act. Defendants argue that the section 2-619 motion to dismiss the complaint was properly granted. Defendants dispute plaintiff's claim of dual capacity and assert that the record before this court clearly establishes that both defendants were working as employees or agents of Silvercrest at the time of the accident and are entitled to the protection of the Act.[1]

Section 2-619 of the Code allows a defendant to file a motion for involuntary dismissal of an action or a claim based upon certain defects or defenses. 735 ILCS 5/2-619 (West 2006). A trial

---

[1]Although the parties also make arguments regarding the section 2-615 motion to dismiss, since the trial court did not rule upon that motion, we will confine our decision in this case to the trial court's ruling on the section 2-619 motion to dismiss.

court's grant of a section 2-619 motion to dismiss is subject to a <u>de</u> <u>novo</u> standard of review on appeal. <u>Van Meter v. Darien Park District</u>, 207 Ill. 2d 359, 368, 799 N.E.2d 273, 278 (2003). In conducting that review, the reviewing court must construe all of the pleadings and supporting documents in the light most favorable to the nonmoving party. <u>Van Meter</u>, 207 Ill. 2d at 367-68, 799 N.E.2d at 278.

The Workers' Compensation Act (820 ILCS 305/1 <u>et seq</u>. (West 2006)) establishes a system for paying compensation to workers who are accidently injured or killed in the course of their employment. 820 ILCS 305/2, 5(a) (West 2006). The Act is designed to provide fair compensation in a prompt manner and to spread the cost of work-related injuries among industry as a whole. <u>Sharp v. Gallagher</u>, 95 Ill. 2d 322, 326, 447 N.E.2d 786, 788 (1983); <u>Townsend v. Fassbinder</u>, 372 Ill. App. 3d 890, 898, 866 N.E.2d 631, 640-43 (2007). Under the Act, liability is automatically placed upon the employer, without a determination of fault, and the traditional common law defenses available to the employer, such as contributory negligence and assumption of risk, are abrogated. <u>Sharp</u>, 95 Ill. 2d at 326, 447 N.E.2d at 788. In return for the imposition of no-fault liability upon the employer, common law suits against the employer are prohibited. <u>Sharp</u>, 95 Ill. 2d at 326, 447 N.E.2d at 788; <u>Fitzgerald v. Pratt</u>, 223 Ill. App. 3d 785, 787-89, 585 N.E.2d 1222, 1224-27 (1992). The compensation provided by the Act is the exclusive remedy for any injury to which the Act applies. 820 ILCS 305/5(a), 11 (West 2006); <u>Sharp</u>, 95 Ill. 2d at 326, 447 N.E.2d at 788.

The Act, however, does not prohibit a worker from bringing suit and collecting full tort damages against a third-party tortfeasor who is ultimately liable for the worker's injuries. 820 ILCS 305/5(b) (West 2006); <u>Kontos v. Boudros</u>, 241 Ill. App. 3d 198, 200-01, 608 N.E.2d 573, 575-78 (1993). The theory behind the third-party rule is that the ultimate wrongdoer should pay for the loss.

5

Kontos, 241 Ill. App. 3d at 200-01, 608 N.E.2d at 575-78. A variation of the third-party rule is the dual-capacity doctrine.

Under the dual-capacity doctrine, also referred to as the dual-persona doctrine, a defendant who is protected by the exclusive remedy provision of the Act may become liable in tort if he acted in a second capacity that creates obligations independent of those imposed upon the defendant as an employer. Stewart v. Jones, 318 Ill. App. 3d 552, 564-65, 742 N.E.2d 896, 905-06 (2001). In that regard, the defendant acting in a dual capacity essentially becomes a third-party tortfeasor for purposes of the Act. Kontos, 241 Ill. App. 3d at 200-02, 608 N.E.2d at 575-78. A plaintiff alleging dual capacity has the burden to show: (1) that the defendant operated in a second capacity, separate and distinct from his first capacity as the plaintiff's employer, coemployee, or agent; and (2) that the plaintiff was injured by the defendant as a result of the activities performed by the defendant while engaging in that second capacity. Kontos, 241 Ill. App. 3d at 200-01, 608 N.E.2d at 575-78. A plaintiff cannot satisfy the test when the defendant's duties are so intertwined that the defendant's conduct in the second capacity does not generate any obligations that are unrelated to the duties flowing from the defendant's first capacity as employer, coemployee, or agent. Stewart, 318 Ill. App. 3d at 565, 742 N.E.2d at 905-06. That is, "if the defendant's duties in his second capacity are related to his duties in his first capacity as employer, agent, or co-employee, [the defendant] remains immune from liability." Stewart, 318 Ill. App. 3d at 564, 742 N.E.2d at 905-06.

Reviewing the record of the present case, we find that plaintiff has failed in her burden to show that the dual-capacity doctrine applies to allow plaintiff's suit to go forward against defendants. Contrary to plaintiff's assertion of multiple businesses, it is clear from the record that only one business was being conducted on the premises, the business of Silvercrest, which provided medical treatment and boarding services for horses. Laura's deposition testimony clearly established that the

6

horse in question was not being sold by Silvercrest or defendants at the time of plaintiff's injury. Laura was getting the horse ready for a viewing by a prospective buyer in her capacity as the barn manager of the facility under the employment of Silvercrest. The certainty of these matters is not at all lessened by the fact the Laura initially testified that she is not an employee of Silvercrest. To adopt that position, we would have to ignore the remainder of Laura's testimony where she clarified her previous answer and explained that although she works for Silvercrest as the bookkeeper and barn manager, she does not get paid for her services. Plaintiff's argument, that defendants were acting in a dual capacity as owners of a separate business, is simply not supported by the record, even when viewed in the light most favorable to plaintiff.

In addition, plaintiff's argument that defendants served in a dual capacity as property owners fails as well. Courts have repeatedly rejected that argument and have held that property ownership alone does not give rise to a separate and distinct capacity for purposes of the dual-capacity doctrine. See Sharp, 95 Ill. 2d at 327-28, 447 N.E.2d at 788 (dual-capacity doctrine did not apply to partnership defendant that owned construction business that employed plaintiff, even though partnership defendant also owned property where construction work was being done and where plaintiff's injury had occurred); Kontos, 241 Ill. App. 3d at 204-05, 608 N.E.2d at 578 (dual-capacity doctrine did not apply to individual defendant who was manager of corporate-owned restaurant business that employed plaintiff, even though individual defendant was owner of property where restaurant business was located and where plaintiff's injury had occurred); Reynolds v. Clarkson, 263 Ill. App. 3d 432, 435, 636 N.E.2d 91, 93 (1994) (dual-capacity doctrine did not apply to individual defendant who was president and chief operating officer of corporate-owned grain business that employed plaintiff, even though individual defendant had originally owned property where grain business was located and where plaintiff's injury had occurred and had sold, leased or otherwise

transferred the property to the corporation); Stewart, 318 Ill. App. 3d at 565-66, 742 N.E.2d at 906 (dual-capacity doctrine did not apply to individual defendants who were employees of company-owned fertilizer business that employed plaintiff, even though individual defendants owned property where fertilizer business was located and where plaintiff's injury had occurred); Incandela v. Giannini, 250 Ill. App. 3d 23, 29, 619 N.E.2d 844, 850 (1993) (dual-capacity doctrine did not apply to individual defendant who was agent of corporate-owned construction business that employed plaintiff, even though individual defendant was beneficial owner of property where construction work was being done and where plaintiff's injury had occurred); Guerino v. Depot Place Partnership, 273 Ill. App. 3d 27, 32, 652 N.E.2d 410, 414 (1995) (dual-capacity doctrine did not apply to individual defendants who were officers of corporate-owned concrete business that employed plaintiff, even though individual defendants were beneficial owners of the property where the business was located and where plaintiff's injury had occurred). As in many of the cited cases, the duties of the defendants in the present case as property owners are so intertwined with their duties as employees and owners of the business (as to Randall) that the two capacities cannot be separated. See Sharp, 95 Ill. 2d at 327-28, 447 N.E.2d at 788; Kontos, 241 Ill. App. 3d at 204-05, 608 N.E.2d at 578; Reynolds, 263 Ill. App. 3d at 435, 636 N.E.2d at 93; Stewart, 318 Ill. App. 3d at 565-66, 742 N.E.2d at 906; Incandela, 250 Ill. App. 3d at 29, 619 N.E.2d at 850; Guerino, 273 Ill. App. 3d at 32, 652 N.E.2d at 414. " 'An employer, as part of his business, will almost always own or occupy premises, and maintain them as an integral part of conducting his business. If every action and function connected with maintaining the premises could ground a tort suit, the concept of exclusiveness of remedy would be reduced to a shambles.' " Sharp, 95 Ill. 2d at 328, 447 N.E.2d at 788, quoting 2A A. Larson, Workmen's Compensation §72.82 (1982).

As her next point of contention on appeal, plaintiff argues that the trial court erred in denying

8

her motion for leave to file a first amended complaint naming the horse owner as an additional defendant. Plaintiff asserts that the trial court incorrectly believed that it did not have jurisdiction to grant plaintiff's motion because a notice of appeal had already been filed. Alternatively, plaintiff contends that justice would have been served by granting plaintiff's motion and allowing plaintiff to file the first amended complaint. Defendants argue that allowing plaintiff to file the first amended complaint would not have furthered the ends of justice and that the trial court properly denied plaintiff's request.

Trial courts are encouraged to freely and liberally allow a party to amend the pleadings. 735 ILCS 5/2-616 (West 2006); Lee v. Chicago Transit Authority, 152 Ill. 2d 432, 467, 605 N.E.2d 493, 508 (1992). A party's right to amend, however, is not absolute or unlimited. Lee, 152 Ill. 2d at 467, 605 N.E.2d at 508. The test is whether allowing the amendment would further the ends of justice. Ray Dancer, Inc. v. DMC Corp., 230 Ill. App. 3d 40, 48, 594 N.E.2d 1344, 1349 (1992). In determining whether to allow a party to amend a pleading, a trial court should consider the following factors: whether the amendment would cure a defect in the pleadings; whether the other party would be prejudiced or surprised by the proposed amendment; whether the proposed amendment is timely; and whether there were previous opportunities to amend the pleadings. Lee, 152 Ill. 2d at 467-68, 605 N.E.2d at 508. A trial court has broad discretion in ruling upon a motion for leave to amend the pleadings and its decision in that regard will not be reversed on appeal absent an abuse of discretion. Mitchell v. Norman James Construction Co., 291 Ill. App. 3d 927, 938, 684 N.E.2d 872, 882 (1997).

Applying the above legal principles to the facts of the present case, we find that the motion for leave to file a first amended complaint (request for leave) was properly denied. First, the request for leave was not timely made. Although plaintiff asserts that she did not learn the name of the owner of the horse until late in the proceedings, she does not explain how this prevented her from seeking

9

leave prior to the trial court's grant of the motion to dismiss. At the very least, plaintiff could have told the trial court, prior to the granting of the motion to dismiss, that plaintiff planned to request leave to file an amended complaint and could have asked the trial court to stay its ruling on the motion to dismiss while plaintiff filed and obtained a ruling on her request for leave. Second, the proposed first amended complaint would not cure a defect in the original pleading. Plaintiff set forth nothing new in the first amended complaint that would defeat the instant defendants' rights to the protection of the exclusive remedy provision of the Act. Third, plaintiff has already filed another case directly against the horse owner. And finally, contrary to plaintiffs' assertion, although the trial court initially questioned whether it had jurisdiction to rule upon the request for leave since a notice of appeal had already been filed, after listening to the parties' recitations of the current state of the law on that issue, the trial court went ahead and ruled on the request for leave. The trial court did not commit an abuse of discretion by denying plaintiff's request for leave to file a first amended complaint.

For the foregoing reasons, we affirm the judgment of the circuit court of Will County. Affirmed.

SCHMIDT and O'BRIEN, J. J. concurring.